MALINE & MCGEE LLP
Rajan Maline [SBN 190401]
James E. McGee [SBN 216122]
Ethan S. Robinson [SBN 310499]
3850 Vine Street, Suite 100
Riverside, CA 92507
Telephone: (951) 779-0221 / Fax: (951) 779-0229
E-mail: ethan@malinemcgee.com

*Attorneys for Plaintiff*
Jayd Schroeder

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYD SCHROEDER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, SHERIFF JOHN MCMAHON, CAPTAIN DONNY MAHONEY, CITY OF RIALTO, CHIEF MARK KLING, OFFICER NICHOLAS PARCHER, OFFICER STEVEN WRIGHT and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)<br>2.  Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)<br>3.  Denial of Medical Care (42 U.S.C. § 1983)<br>4.  Municipal Liability – Ratification (42 U.S.C. § 1983)<br>5.  Municipal Liability – Failure to Train (42 U.S.C. § 1983)<br>6.  Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>7.  Battery<br>8.  Violation of Cal. Civil Code § 52.1<br>9.  Negligence<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the assault and arrest by City of Rialto Police Officers WRIGHT and PARCHER of Plaintiff Jayd SCHROEDER in December of 2016. This action also includes allegations against the County of San Bernardino related to his incarceration subsequent to his arrest.

## PARTIES

2. At all times herein mentioned, Plaintiff was an individual residing in the County of San Bernardino, California.

3. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant County of San Bernardino ("COUNTY") is a governmental entity, existing by virtue of the laws and Constitution of the State of California.

4. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant City of Rialto ("CITY") was a municipal corporation and a duly organized governmental agency that is regulated, controlled, and governed by the County of San Bernardino, State of California.

5. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, CITY was the employer of Defendants Chief Mark Kling who was responsible for managing the City of Rialto Police Department, DOES 1-5 ("DOE OFFICERS"), who were City of Rialto Police Department Officers, and DOES 6-10, who were managerial, supervisory and policy making employees of CITY. At all relevant times, Defendants were residents of County of San Bernardino, State of California, and were working generally in City of Rialto, County of San Bernardino, California. DOES 1-10 were employed by CITY and were acting within the course and scope of their employment with CITY and with authority as such agents and employees and with the consent and ratification of their co-Defendants and COUNTY.

6. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, COUNTY was the employer of Defendants Captain Donny Mahoney who was the manager of West Valley Detention Center, Sheriff John McMahon who was the manager of the San Bernardino County Sheriff's Department, and DOES 11-15 ("DOE DEPUTIES"), who were San Bernardino County Sherriff's Department Deputies, and DOES 16-20, who were managerial, supervisory and policy making employees of COUNTY. At all relevant times, Defendants were residents of the County of San Bernardino, State of California, and were working generally in the County of San Bernardino, State of California. DOES 11-20 were employed by COUNTY and were acting within the course and scope of their employment with COUNTY and with authority as such agents and employees and with the consent and ratification of their co-Defendants and COUNTY.

7. At all relevant times, Defendants DOE OFFICERS were duly authorized employees and agents of the CITY, who were acting under the color of law within the course and scope of their respective duties as City of Rialto Police Department Officers and with complete authority and ratification of their principal, CITY.

8. At all relevant times, Defendants DOES 6-10 were duly appointed supervising officers and/or employees or agents of the CITY, subject to oversight and supervision by CITY'S elected and non-elected officials.

9. At all relevant times, Defendants DOE DEPUTIES were duly authorized employees and agents of the COUNTY, who were acting under the color of law within the course and scope of their respective duties as San Bernardino County Sherriff's Department Deputies and with complete authority and ratification of their principal, COUNTY.

10. At all relevant times, Defendants DOES 16-20 were duly appointed supervising deputies and/or employees or agents of the COUNTY, subject to oversight and supervision by COUNTY'S elected and non-elected officials.

11. The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 20 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is

3
**COMPLAINT FOR DAMAGES**

negligently or otherwise legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages proximately thereby to Plaintiff, as herein alleged. Plaintiff will ask leave of Court to amend this Complaint to show their names and capacities when they have been ascertained.

12. At all times herein mentioned, Defendants CITY, KLING, WRIGHT, PARCHER, and DOES 1-10 were the agents, servants and employees of each other, and at all times pertinent hereto were acting within the course and scope of their authority as agents, servants and/or employees and acting on the implied and actual permission and consent of the CITY.

13. At all times herein mentioned, Defendants COUNTY, MCMAHON, MALONEY, and DOES 11-20 were the agents, servants and employees of each other, and at all times pertinent hereto were acting within the course and scope of their authority as agents, servants and/or employees and acting on the implied and actual permission and consent of the COUNTY.

**JURISDICTION AND VENUE**

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Plaintiff and Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, County of San Bernardino, State of California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16. On December 17, 2016, WRIGHT and PARCHER were driving an marked CITY vehicle. They conducted an enforcement stop in the proximity of Plaintiff's

residence located at 10051 Claremont Ave., City of Bloomington, County of San Bernardino, State of California. The enforcement stop was conducted by the officers because Plaintiff was allegedly speeding.

17. WRIGHT and PARCHER exited their unmarked CITY police vehicle with their firearms drawn and pointed in the direction of Plaintiff. Plaintiff had not even exited his vehicle yet.

18. WRIGHT and PARCHER proceeded to curse and shout orders at Plaintiff who still remained in his vehicle. The orders included a demand that Plaintiff exit his vehicle using the driver's side door.

19. PARCHER ordered Plaintiff to keep his hands outside the vehicle as he exited the vehicle. During this time, WRIGHT and PARCHER had their firearms pointed directly at Plaintiff. They threatened to shoot him if he did not comply with their orders.

20. Plaintiff was told if he made any movement toward his waist that he would be shot.

21. During this time, Plaintiff attempted to de-escalate the situation by requesting that both officers remain calm.

22. Plaintiff was instructed to get on his knees with his hands on his head. Plaintiff complied with the requests of the officers.

23. Once Plaintiff was on his knees, WRIGHT struck Plaintiff in his midsection with his knee. Plaintiff, in pain from the assault was forced to place his hand on the ground. Ultimately, Plaintiff fell to the ground.

24. WRIGHT mounted Plaintiff and used his body weight to prevent any sort of escape.

25. PARCHER deployed his Rapid Containment Baton and struck Plaintiff's body using full swings on multiple occasions.

26. During the time PARCHER was striking Plaintiff in the legs with his baton, WRIGHT used his dominant body position over Plaintiff to strike him in the head with a closed fist multiple times. The strikes to Plaintiff's head caused significant damage. The assault

against Plaintiff was so serious that he was calling out for help from anyone in the surrounding area.

27. WRIGHT and PARCHER eventually arrested Plaintiff and placed him in custody.

28. Plaintiff suffered numerous injuries resulting from the attack committed by WRIGHT and PARCHER including a detached retina, contusions, lesions, and abrasions.

29. Plaintiff complained to WRIGHT and PARCHER about the pain he was in as a result of their attacks. Despite Plaintiff's complaints, he was never provided medical care at the scene of his arrest. Moreover, Plaintiff was not provided medical care once he arrived at the Rialto Police Department.

30. Despite having obvious injuries, Plaintiff was only provided medical care after he was extensively questioned regarding his arrest and alleged crimes.

31. Plaintiff was ultimately examined by a paramedic who rightfully concluded that he needed to be taken to Arrowhead Regional Medical Center for treatment.

32. Arrowhead Regional Medical Center gave Plaintiff a cursory examination and released him, despite the fact that Plaintiff continued to complain that he could not see out of one eye. Despite Plaintiff's complaints regarding his blindness, Arrowhead Regional Medical Center failed to properly diagnose Plaintiff's ailments.

33. Plaintiff was ultimately transferred to the custody of the San Bernardino County Sheriff's Department. Plaintiff was held at the West Valley Detention Center in the City of Rancho Cucamonga, County of San Bernardino.

34. Once at the West Valley Detention Center, Plaintiff continued to complain to jail staff about his inability to see from one of his eyes. Despite his complaints, jail staff did not take any action regarding Plaintiff's medical treatment.

35. After being in custody of the San Bernardino County Sheriff's Department for over one month, Plaintiff was finally sent to the hospital again regarding his lack of vision.

6
**COMPLAINT FOR DAMAGES**

36. The doctor who examined Plaintiff informed him that he was suffering from a detached retina. The doctor also informed Plaintiff that had his injury been properly treated when it originally occurred, his vision might have been completely salvaged.

37. Plaintiff suffered loss of employment, loss of future employment, permanent vision loss in one eye, and the violation of his civil rights granted him under the Constitution of the United States.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

**(Against CITY, KLING, WRIGHT, and PARCHER)**

38. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39. The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

40. Officers PARCHER and WRIGHT acted of color of law.

41. Officers PARCHER and WRIGHT only had a reasonable suspicion that Plaintiff was traveling at an excessive rate of speed.

42. Plaintiff was complying with WRIGHT and PARCHER's commands at the time of the arrest and was not resisting arrest or attempting to flee.

43. PARCHER and WRIGHT used a baton multiple times and struck Plaintiff in the back of his head multiple times which was clearly excessive given the facts known to the officers at the time the force was used.

44. No reasonable officer would behave in the manner in which PARCHER and WRIGHT behaved during the enforcement stop of Plaintiff.

45. PARCHER and WRIGHT did not have probable cause to believe that Plaintiff had committed or was about commit a crime involving great bodily injury.

7
**COMPLAINT FOR DAMAGES**

46. PARCHER and WRIGHT became aware that Plaintiff was not accompanied by any other individuals prior to any force being used.

47. PARCHER and WRIGHT had alternate means of resolving the situation without resorted to striking Plaintiff in the head. The officers could have warned Plaintiff or deployed a taser device.

48. Plaintiff seeks attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**

**(Against CITY, KLING, WRIGHT, and PARCHER)**

49. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

50. PARCHER and WRIGHT arrested Plaintiff without probable cause that Plaintiff has committed a misdemeanor or felony.

51. Plaintiff also seeks attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)**

**(Against CITY, COUNTY, KLING, WRIGHT, PARCHER, MCMAHON, MALONEY, and DOES 1-20)**

52. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53. The denial of medical care by CITY, COUNTY and DOE 1-20 deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

54. As a result of the foregoing, Plaintiff suffered physical pain and suffering, mental anguish, humiliation, and emotional distress.

55. CITY, COUNTY and DOES 1-20 knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

56. The conduct of CITY, COUNTY and DOES 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to CITY, COUNTY and DOES 1-30.

57. As a result of their misconduct, CITY, COUNTY and DOES 1-20 are liable for Plaintiff's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

58. Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

**(Against COUNTY, CITY, and DOES 1-20)**

59. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 58 of his Complaint with the same force and effect as if fully set forth herein.

60. COUNTY, CITY, and DOE 1-20 acted under color of law.

61. The acts of COUNTY, CITY, and DOES 1-20 deprived Plaintiff of his particular rights under the United States Constitution.

62. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of COUNTY, CITY and DOES 1-20, ratified (or will ratify) COUNTY, CITY and DOES 1-20 acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) COUNTY, CITY, and DOES 1-20 acts.

9
**COMPLAINT FOR DAMAGES**

63. Upon information and belief, a final policymaker has determined (or will determine) that the acts of COUNTY, CITY and DOES 1-20 were "within policy."

64. By reason of the aforementioned acts and omissions, Plaintiff was injured. The aforementioned acts and omissions also caused Plaintiff's injuries.

65. Accordingly, COUNTY, CITY, and DOES 1-20 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

66. Plaintiff seeks attorney's fees under this claim.

### FIFTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**(By Plaintiff against COUNTY, CITY and DOES 1-20)**

67. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68. COUNTY, CITY and DOES 1-20 acted under color of law; The acts of Defendants Defendant and DOE DEPUTIES deprived Plaintiff of his particular rights under the United States Constitution.

69. The training policies of COUNTY AND CITY were inadequate to train its deputies to handle the usual and recurring situations with which they must deal.

70. COUNTY AND CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

71. The failure of COUNTY AND CITY to provide adequate training caused the deprivation of the Plaintiff's rights by Defendants WRIGHT, PARCHER, and DOES 1-20 that is, the Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

72. By reason of the aforementioned acts and omissions, Plaintiff was injured. The aforementioned acts and omissions also caused Plaintiff's injuries.

73. Accordingly, Defendants COUNTY, CITY and DOES 1-20 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

74. Plaintiff also seeks attorney's fees under this claim.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(By Plaintiff against COUNTY, CITY and DOES 1-20)**

75. Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 74 of his Complaint with the same force and effect as if fully set forth herein.

76. COUNTY, CITY and DOES 1-20 acted under color of law.

77. COUNTY, CITY and DOES 1-20 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

78. On information and belief, COUNTY, CITY and DOES 1-20 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

79. COUNTY, CITY and DOES 1-20, together with other COUNTY and CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    A. Employing and retaining as law enforcement officers individuals such as PARCHER, WRIGHT and DOE 1-20 whom COUNTY AND CITY, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority, and for using excessive force;

    B. Inadequately supervising, training, controlling, assigning, and disciplining COUNTY AND CITY officers, and other personnel, including PARCHER, WRIGHT AND DOES 1-20, whom COUNTY AND CITY knew or in the exercise of

reasonable care should have known had the aforementioned propensities and character traits;

C. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY and CITY officers;

D. Failing to adequately discipline COUNTY Deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

E. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

80. By reason of the aforementioned acts and omissions of COUNTY, CITY, and DOES 1-20, Plaintiff was injured.

81. COUNTY, CITY, and DOES 1-20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

82. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 1-20 acted with intentional, reckless, and callous disregard for the life of Plaintiff and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated COUNTY, CITY, and DOES 1-20 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

83. On information and belief, the aforementioned acts were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to DOES 1-20.

84. Accordingly, COUNTY, CITY, and DOES 1-20 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

85. Plaintiff also seeks attorney's fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### Battery

### (Against CITY, KLING, WRIGHT, PARCHER, and DOES 1-10)

86. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87. At that time and place herein above alleged, Defendants WRIGHT, PARCHER, and DOE OFFICERS, without just and legal cause, viciously assaulted Plaintiff, thereby causing Plaintiff severe pain and suffering, apprehension, and emotional distress, and placed him in immediate fear for his life.

88. Said battery was not privileged, was not consented to by Plaintiff, and was the proximate cause of the injuries complained of herein.

89. Defendants KLING and CITY are vicariously liable for the wrongful acts of Defendants WRIGHT, PARCHER, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable

for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90. The conduct of Defendant WRIGHT, PARCHER, and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, entitling to an award of exemplary and punitive damages.

## EIGHTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

### (Against Defendants CITY, KLING, PARCHER, AND WRIGHT)

91. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 90 of his Complaint with the same force and effect as if fully set forth herein.

92. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

93. On information and belief, Defendants PARCHER and WRIGHT, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiff, including beating him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

94. When Defendants assaulted Plaintiff, and failed to promptly provide medical assistance, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

95. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage Plaintiff from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

96. On information and belief, Plaintiff reasonably believed and understood that the violent acts committed by Defendants WRIGHT, PARCHER, and DOE OFFICERS were intended to discourage Plaintiff from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

97. Defendants successfully interfered with the above civil rights of Plaintiff.

98. The conduct of Defendants WRIGHT, PARCHER and DOE OFFICERS was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

99. Defendant CITY is vicariously liable for the wrongful acts of Defendants WRIGHT, PARCHER and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100. Defendants KLING and DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

101. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants JONES and DOE OFFICERS.

102. Plaintiff seeks attorney's fees under this claim.

## NINTH CLAIM FOR RELIEF

### Negligence

### Against All Defendants

103. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 102 of this Complaint with the same force and effect as if fully set forth herein.

104. Each Defendant owed Plaintiff a duty to behave as a reasonably prudent law enforcement officer when interacting with Plaintiff.

105. By failing to do so by committing the acts alleged in this Complaint, Defendants breached their duty.

106. The injuries suffered by Plaintiff are the direct result of Defendants actions and inactions.

107. Plaintiff's injuries are entirely foreseeable based on the conduct of Defendants.

108. The actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

    (a) the failure to provide prompt medical care to Plaintiff;

    (b) the failure to properly train and supervise employees, both professional and non-professional, including Defendants and DOES 1-20;

    (c) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff;

    (d) the negligent handling of evidence and witnesses; and

    (e) the negligent communication of information during the incident.

109. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering.

110. Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants and DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

104. Each Defendant owed Plaintiff a duty to behave as a reasonably prudent law enforcement officer when interacting with Plaintiff.

105. By failing to do so by committing the acts alleged in this Complaint, Defendants breached their duty.

106. The injuries suffered by Plaintiff are the direct result of Defendants actions and inactions.

107. Plaintiff's injuries are entirely foreseeable based on the conduct of Defendants.

108. The actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

    (a) the failure to provide prompt medical care to Plaintiff;

    (b) the failure to properly train and supervise employees, both professional and non-professional, including Defendants and DOES 1-20;

    (c) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff;

    (d) the negligent handling of evidence and witnesses; and

    (e) the negligent communication of information during the incident.

109. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering.

110. Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants and DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## DAMAGES

As a direct and proximate result of the defendants acts and/or omissions alleged herein, PLAINTIFF suffered:

   a. Shock, fright, anxiety and mental distress;
   b. Conscious pain and suffering;
   c. Loss of enjoyment of life; and
   d. Medical damages.

## PRAYER

WHEREFORE, PLAINTIFF prays judgment against Defendants and each of them as follows:

AS TO EACH CLAIM FOR RELIEF AS APPLICABLE.

1. For General and Special Damages, including both survival and wrongful death damages, according to proof;
2. For Exemplary Damages as provided by law; in an amount to be proved against each individual Defendant;
3. For Civil Penalties pursuant to Civil Code § 52;
4. For Attorney's Fees pursuant to Civil Code §§52 and 52.1 and under U.S.C. 1985 and 1988;
5. For Costs of Suit; and
6. For such other and further relief as the Court may deem proper.

Date: March 1, 2018

MALINE & MCGEE LLP

By: _____

Ethan S. Robinson

*Attorney for Plaintiff*