**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**SPRAY, GOULD & BOWERS LLP**
Darren M. Harris (SBN 190399)
dharris@sgblaw.com
2 Corporate Park, Suite 201
Irvine, CA 92606
Telephone: (949) 387-4444
Facsimile: (949) 387-4544

*Attorneys for Plaintiff,* JAYD SCHROEDER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYD SCHROEDER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> NICHOLAS PARCHER, an individual; STEVEN WRIGHT, an individual; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 5:18-cv-00427-DMG-SP <br><br> [*The Honorable Dolly M. Gee*] <br><br> **PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> **Trial:** <br> Date: June 4, 2019 <br> Time: 8:30 a.m. <br> Place: Courtroom 8C |

## PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

The cornerstone principle in every Fourth Amendment excessive force case is that the analysis of whether an officer's conduct is reasonable is limited to the circumstances confronting the officer at the time of his or her use of deadly force. However, by their Request for Judicial Notice (Dkt. #122), Defendants attempt to make an end-run around this rule by introducing evidence that was already excluded from trial as information unknown to the officers and unfairly prejudicial.

Based on this Court's order regarding the parties motions *in limine* (Dkt. #119), Defendants are prohibited from introducing evidence that makes any reference to Plaintiff's criminal history and drugs. Despite this Court's very recent prohibition, Defendants' submit what they purport to be "Certified copies of Plaintiff Jayd Schroeder's convictions, arising out of this matter, for evasion pursuant to *Cal. Vehicle Code* § 2800.1(a) and wet reckless pursuant to *Cal. Vehicle Code* § 23103.5," (see Dkt. #122, at 1:23-25), but in reality submit a "Case Summary" of the entire criminal matter (see Dkt. 122-1, at 10-25). Defendants' exhibit *includes* language that was specifically excluded on May 7, 2019, and just three days later attempt to elude the Court's order by their present request.

For instance, Defendants' exhibit contains reference to charged, but dismissed violations of Vehicle Code § 23152(a) (driving under the influence), Health and Safety Code § 11364 (possession of drug paraphernalia), Health and Safety Code § 11377 (possession of methamphetamine), Penal Code § 69 (resisting a peace officer by means of threat or violence), Vehicle Code § 14601.1(a) (driving on a suspended license), and Penal Code § 148(a)(1) (resisting a peace officer). (See Dkt. #122-1, at 2, 4, 10).

The document also raises unfair prejudicial and many confusing questions, inadmissible under Fed. R. of Evidence 403, which were addressed by this Court's order on motions *in limine*. It states "Proof problem" regarding blood alcohol

1  results, then indicates that "The administration of ingestion of a drug, as shown by
2  the following facts: . . . Toxicology results."  (See Dkt. #122-1, at 2).  This clearly
3  outlines to a potential jury that Plaintiff's "wet reckless" was from the ingestion of
4  drugs as shown on a toxicology report, which is also excluded from evidence.

5  Further, Plaintiff's punishment from to the two convictions related to this case
6  (Dkt. #122-2, at 7) are completely irrelevant and unfairly prejudicial, which is
7  nearly an entirety of the exhibit.  See Fed. R. Evid. 401, 402, 403.

8  The only relevant portion of the entire twenty-five (25) page document is on
9  page seven (7)—the single line that states, "**PLEA:** The Defendant pleads
10 guilty/nolo contendere to [] VC 2800.1(a), misd, VC 23103.5 wet reckless"—where
11 "nolo contendere" is circled, and with reference to 'Count 8' and the rest of the page
12 redacted.  (See Dkt. #122-1, at 7).

13 Indeed, Plaintiff concedes that he was convicted of Cal. Vehicle Code §§
14 2800.1(a), 23103.5.  In fact, defense counsel even suggested at the Pre-Trial
15 Conference that if the parties stipulate to the fact, he would not introduce what was
16 listed as Exhibit 10 on the Joint Exhibit List (Dkt. #109) and attached as Exhibit 1 to
17 Defendants' present request (Dkt. #122-1).  Counsel for the parties have yet to have
18 a conversation about making any such stipulation, and defense counsel did not reach
19 out to plaintiff's counsel to seek a stipulation prior to filing their request.  Thus,
20 Exhibit 10, and Defendants' request for Judicial Notice are completely unnecessary
21 and premature.

22 Furthermore, Defendants also attempt to disguise a request for Defendants'
23 Disputed Instruction Number 5 (Dkt. #109), in their request for judicial notice.  This
24 is highly improper and not supported by Fed. R. Evid. 201.

25 Given the limited relevance of the entire document, the unfair prejudice
26 contained within, and the violation of this Court's order, Plaintiff respectfully
27 requests that the Court deny Defendants' present request for Judicial Notice.
28

Further, Plaintiff respectfully requests that this Court preclude introduction of Exhibit 10 at trial, and omit Defendants' Disputed Instruction No. 5.

DATED: June 3, 2019

**LAW OFFICES OF DALE K. GALIPO**
**SPRAY, GOULD & BOWERS LLP**

  /s/   Dale K. Galipo
Dale K. Galipo
Darren M. Harris
Marcel F. Sincich
*Attorneys for Plaintiff*