**LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
ALLEN CHRISTIANSEN SBN 263651
achristiansen@law4cops.com
1631 E. 18th Street
Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143

Attorneys for Defendants
NICHOLAS PARCHER AND STEVEN WRIGHT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYD SCHROEDER, an individual, )<br><br>Plaintiff, )<br><br>vs. )<br><br>COUNTY OF SAN BERNARDINO, )<br>JOHN MCMAHON, an individual, )<br>DONNY MAHONEY, an individual, )<br>CITY OF RIALTO, MARK KLING, )<br>an individual, NICHOLAS )<br>PARCHER, an individual, STEVEN )<br>WRIGHT, an individual, and DOES )<br>1-10, inclusive, )<br><br>Defendants. )<br>_____ ) | No.  5:18-cv-00427-DMG-JC<br><br>Hon. Dolly M. Gee<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988**<br><br>Date          : July 26, 2019<br>Time          : 9:30 a.m.<br>Courtroom   : 8C - 8th Floor |

///

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988

Table of Contents

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    PLAINTIFF'S COUNSEL FAILED TO MEET AND CONFER PURSUANT TO THE LOCAL RULES AND THEIR FEE MOTION SHOULD BE DENIED ON THAT BASIS ALONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       A.     The Issues in this Matter are not Novel or Difficult . . . . . . . . . . . . . 5

       B.     Three of Four Plaintiff's Counsel Lack Experience and the Evidence Submitted by Plaintiff's Counsel does not Support the Hourly Fees Demanded in this Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       C.     Plaintiff's Counsel are Improperly Seeking a Windfall . . . . . . . . . . 7

IV.    RENEE V. MASONGSONG'S BILLINGS ARE UNREASONABLE, UNNECESSARY AND MUST BE STRICKEN . . . . . . . . . . . . . . . . . . . . . . 9

V.     DARREN HARRIS' HOURLY RATE AND BILLINGS ARE GROSSLY OVER EXAGGERATED AND HE LACKED THE EXPERIENCE AND/OR ABILITY TO TAKE THE MATTER TO TRIAL. . . . . . . . . . . . . . . . . . . . 10

       A.     Darren Harris Hourly Rate is Grossly Overexaggerated for an Attorney that Lacks the Ability and Experience to Try this Case . . . . . . . . . . 11

       B.     Darren Harris has Improperly Billed for Work Unrelated to these Defendants, Improperly Billed for Work Prior to Appearing in the Matter, Failed to Provide a Breakdown of his Billing, and Flat Out Overbilled for Work. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

              1.     Improper and Unreasonable billing for work prior to making an appearance in this matter. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

2.   Improper and Unreasonable billing for work related to other defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

3.   Excessive and Unreasonable billing in meeting with client and witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

a.   Charlie Lynch . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

4.   Excessive and Unreasonable billing for opposing motion for summary judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

5.   Excessive and Unreasonable billing for reviewing documents and items. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

6.   Excessive and Unreasonable billing for duplicated work. . . . 16

VI.   MARCEL   SINCICH'S   HOURLY   RATE   AND   BILLINGS   ARE EXAGGERATED, DUPLICATIVE AND MUST BE STRICKEN AND/OR SIGNIFICANTLY REDUCED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

1.   Improper and Unreasonable billing for work prior to making an appearance in this matter. . . . . . . . . . . . . . . . . . . . . . . . . . . 18

2.   Excessive and Unreasonable billing for duplicated work. . . . 18

VII.   DALE   GALIPO'S   HOURLY   RATE   IS   EXAGGERATED   AND HIS BILLINGS CONFIRM THAT THE OTHER ATTORNEYS BILLED FOR DUPLICATED AND EXAGGERATED WORK. . . . . . . . . . . . . . . . . . . . 20

1.   Improper and Unreasonable billing for work prior to making an appearance in this matter. . . . . . . . . . . . . . . . . . . . . . . . . . . 22

VIII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

///

ii

Table of Authorities

Federal Authorities                                                              Page
*Hensley v. Eckerhart* (U.S. 1983)
461 U.S. 424 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Kochenderfer v. Reliance Std. Life Ins. Co.* (S.D. Cal. April 21, 2010)
2010 U.S. Dist. LEXIS 41330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Moreno v. City of Sacramento.* (9th Cir. 2008)
534 F.3d 1106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Welch v. Metro Life Ins. Co.* (9th Cir. 2007)
408 F.3d 942 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11


Statutes                                                                        Page
*Local Rule 7-3* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988

## I.      INTRODUCTION

This matter is not novel or complicated.  This was a single legal issue in this matter alleging the use of excessive force during the arrest of Plaintiff.  The billable hours of the four (4) attorneys seeking attorney fees in this matter from the April 25, 2019 appearance of Dale Galipo are entirely unreasonable and duplicate billing for the same work by different attorneys.

It should be noted that Darren Harris, who has been in the case the longest since appearing on August 27, 2018, is seeking to bill 785.8 hours for his work in this matter.  Mr. Harris and the three attorneys from Dale Galipo's office are seeking to bill 15.1, 181, and 257.8 hours, bringing the total billable hours since August 27, 2018 to a whopping 1,239.7 hours.

Contrast that with the hours billed by defense counsel since August 27, 2018 of 442.7 hours and since the assignment of the case of 549.6 hours.  (Christiansen Decl, ¶¶2-4).  The alleged billable hours of Darren Harris alone is nearly double that of defense counsel for the exact same case and with trial counsel and his entourage it is nearly triple.  This is grossly excessive and out of line even accounting for the fact that trial counsel had to review documents that had previously been reviewed.

None of the attorneys, save for Dale Galipo, have provided any reasonable basis for their billing rates.  Renee V. Masongsong's entire billing record attests to the fact that she did work comparable to that of a paralegal and is somehow seeking $550.00 an hour for paralegal work.  **All** of the billing entries simply show consultation or discussion with Plaintiff's other attorneys and/or review of documents that were already reviewed and prepared by Plaintiff's other attorneys.  Renee V. Masongsong's billings are unreasonable and unnecessary and the 15.1 hours sought for her billing should be stricken entirely.

Marcel Sincich's billing record is similar to that of Masongsong.  Mr. Sincich is seeking a lesser rate of $400.00 per hour, however, like Masongson, Mr. Sincich's billing is akin to a paralegal, corresponding with Plaintiff's other attorneys and

1

reviewing documents already reviewed by those other attorneys. In addition, Mr. Sincich seeks to bill for time prior to April 23, 2019, even time in 2017 apparently for another matter, as well as time for sitting in Court during trial where he made no statements and conducted no examination or cross-examination of anyone. Mr. Sincich's time from prior to April 23, 2019 must be stricken, his time sitting in trial must be stricken and the duplicative work of Mr. Sincich must be stricken. In addition, Mr. Sincich has failed to attach any documentation attesting to the reasonableness of the hourly rate sought compared to his participation in this matter. Mr. Sincich's rate must be reduced and his duplicated efforts, particularly simply sitting in trial, must be stricken.

Darren Harris seeks an entirely unreasonable rate of $750.00 per hour, unsupported by any evidence. By his own submission, Mr. Harris is not familiar with Section 1983 cases and has never tried a Section 1983 case - including in this matter. Like Mr. Sincich, Mr. Harris seeks to bill thirteen and more hours per day for nothing more than sitting in trial which was entirely unnecessary and unreasonable. In fact, as this Court may recall, it was Darren Harris' unfamiliarity with trial procedures that resulted in issues additional hearings during trial wherein trial counsel Dale Galipo admitted to the Court that such issues result directly from Harris' lack of experience. Mr. Harris rate must be reduced and his duplicated efforts, particularly simply sitting in trial, must be stricken.

Dale Galipo also seeks an excessive rate of $1,200.00 per hour, unsupported by any evidence. While Mr. Galipo is a very experienced trial attorney in civil rights matters, the evidence he has produced has put his hourly rate at between $750.00 and $900.00 per hour. The declarations from friends and colleagues of Mr. Galipo who are engaged in the same line of work are self-serving and intended to bolster future attorney fee awards for Mr. Galipo and his colleagues. Existing authority provides that such self-serving declarations are not meaningful regarding a reasonable rate. In addition, although Mr. Galipo was retained to be trial attorney in this matter, much

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988

of his pre-trial work is based on efforts duplicated by work already allegedly done by attorney Darren Harris, including reviewing depositions and expert reports, among other things.  These duplicated efforts should be stricken and charged to a single attorney and not two or three or four of them.

**II.    PLAINTIFF'S COUNSEL FAILED TO MEET AND CONFER PURSUANT TO THE LOCAL RULES AND THEIR FEE MOTION SHOULD BE DENIED ON THAT BASIS ALONE**

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  **The conference shall take place at least seven (7) days prior to the filing of the motion**." (Emphasis added).

This Court entered judgment on June 7, 2019, so Plaintiff's had until July 5, 2019 to their motion.

Instead, Plaintiff's counsel, Darren Harris, waited until June 18, 2019 to send defense counsel an email and apparently called the office of defense counsel once the day before and twice that day (no voicemail was left).  (Christiansen Decl., ¶5)

Counsel Christiansen responded to the single email indicating that he would be available to meet and confer that Friday, June 21, 2019, and also needed to meet and confer on defense motions.  (Christiansen Decl., ¶6)  The email response from Darren Harris was that he was leaving town that day and would not be back until June 26, 2019 and nothing else.  (Christiansen Decl., ¶6)  That left defense counsel with the impression that the parties would meet and confer on June 26, 2019, which was still more than 7 days prior to the date by which any motions needed to be filed. (Christiansen Decl., ¶7)

Instead, Plaintiff filed his fee motion only 3 days later on Friday, June 21, 2019, when counsel Harris was allegedly out of town, without meeting and conferring and despite the fact that there were allegedly no less than four (4) attorneys working

3

on the matter for Plaintiff.  Obviously, a different attorney had to file the motion since Mr. Harris was out of town, yet none of Plaintiff's other attorneys made any effort to meet and confer prior to filing their fee motion.

All four of Plaintiff's counsel seeking fees failed to meet and confer prior to the filing of the motion and made no reasonable efforts to do so.  Counsel Harris' declaration regarding meet and confer efforts affirms that the extent of his meet and confer efforts were to make one phone call at the end of the day on June 17, 2019 and to make two phone calls and send an email between 9am and 12:30pm on June 18, 2019.  (Dkt. No. 156-2 at 4-5, ¶8).

This is a woefully inadequate attempt to meet and confer and it is an intentional misrepresentation to the Court because Mr. Harris intentionally leaves out that I responded to his email and provided a date to meet and confer.  (Christiansen Decl., ¶¶5-7).

"The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."  L.R. 7-4.  Defendants request that this Court deny the motion for Plaintiff's intentional failure and refusal to meet and confer pursuant to the local rules.

## III.   LEGAL STANDARD

"The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008).

"In making the award, the district court must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases ... and avoiding a windfall to counsel ... The way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Id*. at 1111.  In doing so, the Court must calculate the **reasonable hours and hourly rate**. *Id*.

4

Under the lodestar method identified by Plaintiff (Dkt. No. 156 at 12), "a district court must start by determining how many hours were **reasonably expended** on the litigation, and then multiply those hours by the prevailing local rate for an attorney **of the skill required to perform the litigation**." *Id*. (Emphasis added).

### A. The Issues in this Matter are not Novel or Difficult

This matter was neither novel nor difficult. It was a trial on a single claim of the use of excessive force where the arrest was not at issue. There were a total of two lay witnesses and two expert witnesses per side for a trial where the Court determined that 5 hours per side was sufficient to conduct the entire trial. In fact, the majority of the claims and parties were dismissed before, or shortly after, the appearance of counsel Darren Harris on August 27, 2018. (Dkt. No. 51).

As a result of the lack of novelty or difficulty, there was not great skill required to try the case, although the trial did necessitate the need for an attorney skilled in 42 U.S.C. § 1983 actions and trials. Indeed, by their own declarations, only one of Plaintiff's four attorneys, Dale Galipo, has any trial experience regarding section 1983 actions.

### B. Three of Four Plaintiff's Counsel Lack Experience and the Evidence Submitted by Plaintiff's Counsel does not Support the Hourly Fees Demanded in this Case

None of the four of Plaintiff's attorneys that are seeking fee awards here have produced any evidence that the rates they are seeking is the "prevailing rate in the community for similar work." Indeed, only one of the four, Dale Galipo, attached any documents regard his own prior fee awards in section 1983 cases because, apparently, none of the other attorneys have obtained such awards in section 1983 matters in the past.

Even the rate demanded by Mr. Galipo at $1,200.00 and hour is not a "prevailing rate in the community for similar work" because it is apparently only Mr. Galipo that is demanding such a rate in the community, despite the fact that his own

5

attached evidence of prior fee awards shows rates of $800.00 for all but one, which shows a rate of $900.00 per hour, for Mr. Galipo's work (Dkt. No. 156-1, Exhibits 4-6).

The declarations in support of Mr. Galipo's demand for $1,200.00 per hour are self-serving and self-perpetuating as expressed in Mr. Galipo's own exhibits (Dkt. No. 156-1 at 52) and submitted by the same attorneys that the Court found to be self-serving and self-perpetuating declarations. Those self-serving declarations indicate that even those well experienced attorneys did not ever obtain such rates, to wit, Hoffman indicates his highest award was $750.00 per hour (Dkt. No. 156-9, ¶2) and Beck indicates that he *currently* bills at $750.00 per hour. (Dkt. No. 156-5, ¶3). None of the other three declarations submitted by Mr. Galipo provides the rates of those attorneys.

In addition, none of the other three attorneys on this matter has any trial experience relating to section 1983 claims and the attorney originally handling this matter, Darren Harris, who is demanding $750.00 per hour has never achieved a fee award of more than $450.00 in a FEHA case and not a section 1983 case. (Dkt. No. 156-2, ¶7). The very fact that Darren Harris brought in another attorney, Dale Galipo, to handle trial in this matter while he billed nearly 50 hours for sitting in trial doing nothing more than watching Mr. Galipo is testament to the fact that his lack of experience at trial and in section 1983 matters does not support a $750.00 per hour "prevailing rate in the community for similar work" and does not serve "to attract qualified counsel to civil rights cases."

The work identified in the billing records of Mr. Sincich and Mrs. Masongsong indicate work that was unnecessary, unreasonable and/or could have been performed by a paralegal and their demanded rates of $400.00 an hour and $550.00 an hour, respectively, also do no support a "prevailing rate in the community for similar work."

///

6

**C.      Plaintiff's Counsel are Improperly Seeking a Windfall**

This Court is tasked with "avoiding a windfall to counsel" by "compensat[ing] counsel at the prevailing rate in the community for similar work; no more, no less." *Moreno*, *supra*, at 1114.

In addition, the Court should eliminate unreasonable billing including work that is duplicated and performed unnecessarily.

In the present matter, the Court should reduce the demanded rate of Darren Harris to no more than $450.00 per hour based upon his own declaration of a court approved hourly rate in an unrelated FEHA case, although Defendants would request that the fee be reduced to less than that amount due to Mr. Harris' unfamiliarity with section 1983 matters and his unwillingness to take this matter to trial himself.

With respect to Marcel Sincich and Renee Masongsong, based upon the work reflected in their attached billing records, their rates should be reduced to rates consistent with the prevailing rate of a paralegal in the community for similar work and, for reasons specified below, Mrs. Masongsong's billing should be stricken entirely as should the work duplicated by Mr. Sincich, Mr. Harris and Mr. Galipo.

With respect to Mr. Galipo, while he is indeed a talented attorney familiar with this type of litigation, the only evidence of prior fee awards for similar cases he has attached are three indicating he was awarded $800.00 per hour and one indicating that he was awarded $900.00 per hour. However, as set forth above, this matter involving a single claim for which the parties were given 5 hours per side to try the matter is neither novel nor difficult and doesn't compare to the cases listed by Mr. Galipo which resulted in death.

Out of the five declarations submitted by Mr. Galipo, only two of them indicate a current billing rate of those attorneys at $750.00 per hour and/or the most recent fee award as $750.00 per hour. As such, this Court should reduce the rate of Mr. Galipo to no more than $750.00 per hour.

7

Work on unrelated cases (Sincich), unrelated defendants (Harris), billing for work prior to appearing in the matter (all counsel), excessive billing (all counsel), and billing for duplicated work (all counsel) must be stricken.

In addition, Dale Galipo did not substitute into this matter until April 23, 2019 and for a period of approximately 60 days he billed a total of 257.8 hours, his associates billed 181 hours and 15.1 hours, and Darren Harris billed 186.2 hours, a total of 640.1 hours for a period of 60 days,  In the last 60 days of this case, the combined billing of the attorneys was nearly equal to the 785.8 hours that Darren Harris himself claims he billed for the entire time he was involved in this litigation.

How could three different attorneys from two different offices each bill nearly the same 200 hours for the last 60 days of the case leading up to trial, after all motions and discovery had allegedly already been done by Darren Harris?  Overbilling, inaccurate reporting, and duplicated work efforts.

The overbilling by Darren Harris is clear, he has block billed for meetings with clients and witnesses for 8 hours at a time.  Plaintiff's only witness, Charlie Lynch, testified that on the occasions when he spoke with Plaintiff's counsel he simply told them he wanted to testify and he wanted to tell the truth and nothing else, yet Mr. Harris has billed 25.1 hours preparing Mr. Lynch for trial (Dkt. No. 156-2 at 14, 5/20/2019, 6/1/2019, 6/3/2019).  Either Mr. Lynch perjured himself on the stand or Mr. Harris has misrepresented his billing.

Mr. Harris appears to also have inadvertently left in a note of billing 3.0 hours which he adjusted to 8.0 hours - adding 5 hours to the billing for no apparent reason. (Dkt. No. 156-2 at 9, 11/21/2018).

This is fraud on the Court and testimony by one of Plaintiff's own witnesses that contradicts the extent of Mr. Harris' billing and the Court should consider striking Mr. Harris' billing in its entirety.

///

8

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988

## IV.   RENEE V. MASONGSONG'S BILLINGS ARE UNREASONABLE, UNNECESSARY AND MUST BE STRICKEN

Renee V. Masongsong is an associate attorney at the Law Offices of Dale K. Galipo. (Dkt. No. 156-4, 4[1]:14-18).  Mr. Galipo did not make an appearance in this matter until <u>April 23, 2019</u> (Dkt. No. 88) and Mrs. Masongsong has not made any formal appearance in this matter nor did she appear at trial.  Mrs. Masongsong's demanded billing rate of $550.00 per hour is grossly over exaggerated and entirely unreasonable based upon the secretarial and paralegal work reflected in her time sheet.  There are no documents or evidence attached to support that amount is "the prevailing rate in the community for similar work." *Moreno*

Mrs. Masongsong's own declaration admits that she did nothing more than the work of a paralegal, to wit, "[m]y work on this case primarily included the following: <u>reviewing</u> the record ... associating Mr. Galipo's office into the case ... <u>assisting in the drafting</u> of ... documents" and consulting with Plaintiff's other counsel, Darren Harris.  (Dkt. No. 156-4, at 2 ¶3)(emphasis added).

Mrs. Masongsong's attached time sheet attests to the fact that her work in this matter was entirely unnecessary and unreasonable and, even if it were necessary, could have been performed by a paralegal or secretary.  For example, nearly every single entry in her time sheet provides that she was consulting or discussing matters with another attorney - over half of the entries indicate some form of communication with Darren Harris "regarding opposing a motion for summary judgment," "regarding procedural requirements in filing a motion for summary judgment," "regarding the status of the case," (Dkt. No. 156-4 at 8) among other unnecessary tasks that could and should have been performed by attorney Darren Harris himself, particularly if he believes he can demand $750.00 per hour.

---

[1]Page numbers refer to the automatic ECF numbering in documents on the Court docket for ease of the parties and the Court.

9

The other entries include reviewing documents prepared by other attorneys, to wit, "review of Proposed Pretrial Conference Order," "Review ... proposed jury instructions." (Dkt. No. 156-4 at 8).

Although Mrs. Masongsong has billed only 15.1 hours, the work done was completely unnecessary and unreasonable and the demanded $550.00 per hour unsupported by any evidence. By Mr. Galipo's own attachments, to wit, "although Dizon is an attorney, much of the work she did on this case could have been performed by a paralegal." (Dkt. No. 156-1 at 52). However, in this matter, the work performed by Mrs. Masongsong was entirely unnecessary.

Further, there was no formal appearance by Dale Galipo in this matter until April 23, 2019. Indeed, Mr. Galipo made it a point at trial to elicit testimony from his expert, Roger Clark, that it was a complete surprise that Mr. Galipo appeared in the case. Despite this, Mrs. Masongsong is seeking to bill for 6.5 hours prior to the April 23, 2019 appearance of trial counsel in this mater, some of that time months before. Those 6.5 hours, amounting to $3,575.00, must be stricken.

In addition, this Court should either reduce the hourly rate sought for Mrs. Masongsong to that of a paralegal for the remaining 8.6 hours claimed or strike the entirety of the fees requested for Mrs. Masongsong as unnecessary and duplicative of the work performed by the remaining three attorneys. Defendants would request that the entire amount sought for Mrs. Masongsong be stricken.

## V. DARREN HARRIS' HOURLY RATE AND BILLINGS ARE GROSSLY OVER EXAGGERATED AND HE LACKED THE EXPERIENCE AND/OR ABILITY TO TAKE THE MATTER TO TRIAL

It is the burden of Plaintiff's counsel to "document[] the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). When an attorney does block billing, it is within "the district court's authority to reduce hours that are billed in block format. The fee applicant bears the burden of

10

documenting the appropriate hours expended in the litigation ..." *Welch v. Metro Life Ins. Co.*, 408 F.3d 942, 948 (9th Cir. 2007).

**A.** **Darren Harris Hourly Rate is Grossly Overexaggerated for an Attorney that Lacks the Ability and Experience to Try this Case**

By his own declaration and attachments, Darren Harris has ***never*** tried a 42 U.S.C. § 1983 matter. Mr. Harris then unconvincingly argues that he has *settled* several section 1983 matters and that by taking his contingency percentage, who knows if that is before or after costs, and dividing that by the number of hours he claims to have worked on those cases, he comes up with around $750.00 per hour.

Not only is this not an acceptable way to determine the "prevailing rate in the community for similar work," it doesn't even make sense.

The reality is that Darren Harris admits he hasn't actually done any trials involving civil rights claims, at least none in the last five years. (Dkt. No. 156-2 at 4, ¶7). The only trial experience Darren Harris even brings to the Court's attention is not a civil rights trial, but a FEHA trial in 2008 in state court, eleven years ago, in which he apparently received his one and only fee award of $450.00 an hour.

Most importantly is Darren Harris' unwillingness or inability to try this very matter, instead bringing in a trial attorney, Dale Galipo, to try the case.

Even the billing records of Dale Galipo's associate attorneys, Renee Masongsong and Marcel Sincich, seem to indicate that Darren Harris was unable to perform pre-trial tasks in this matter without assistance, to wit, "Consult attorney Darren Harris regarding opposing a motion for summary judgment ... including consulting on drafting the opposition, the separate statement, and the expert declaration" and "Consult attorney Darren Harris regarding procedural requirements in filing an opposition to a motion for summary judgment." (Dkt. No. 156-4 at 8).

///

11

In fact, as this Court should recall, the parties received an email on June 3, 2019 that stated:

> "The Court asks that counsel be prepared to address this matter tomorrow morning. Specifically, if Plaintiff objects to the wording of Instruction No. 2 and the viability of a mitigation defense to a section 1983 action, (1) why did Plaintiff not object to Defendants' assertion of the affirmative defense of failure to mitigate in their Joint Proposed Pretrial Conference Order [Doc. # 104 at 6], (2) file a motion in limine, and/or (3) cite any authority to support his position?" (Christiansen Decl., Exhibit B).

The parties did address the matter the following morning and trial counsel, Dale Galipo, admitted that it was the *inexperience* of Darren Harris that resulted in this and other issues, including errors in the damages jury instructions.

Darren Harris' hourly rate must be limited to the "prevailing rate in the community for similar work" of an attorney who is unable or unwilling to bring a case to trial, e.g. an associate attorney. In no event should this Court award an hourly rate to Mr. Harris exceeding the maximum fee award of $450.00 an hour that he apparently has ever been granted.

**B.** **Darren Harris has Improperly Billed for Work Unrelated to these Defendants, Improperly Billed for Work Prior to Appearing in the Matter, Failed to Provide a Breakdown of his Billing, and Flat Out Overbilled for Work**

**1.** **Improper and Unreasonable billing for work prior to making an appearance in this matter**

To begin, Darren Harris did not appear in this matter until August 27, 2018 (Dkt. No. 51), just prior to the filing of the Third Amended Complaint ("TAC") as co-counsel because Plaintiff has continued to be represented by his original law firm, Maline & McGee, LLP, throughout this litigation.

Darren Harris has improperly billed 14.7 hours for work prior to his appearance on this matter and that billing must be stricken. (Dkt. No. 156-2 at 7, 8/14/018 through 8/24/2018).

12

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988

**2.     Improper and Unreasonable billing for work related to other defendants**

Darren Harris declares, under penalty of perjury, that "I have also not charged in this motion for any work performed regarding the claims against the County of San Bernardino ..."  (Dkt. No. 156-2 at 3, ¶6).

However, Mr. Harris did bill for work related to the County of San Bernardino on 9/12/2018 for 1.0 hour ("Analyze and review Answer by defendant County of SB") and on 9/27/2018 for 4.0 hours ("Analysis and review of Initial Disclosures by County of San Bernardino").  (Dkt. No. 156-2 at 8).  As such, this 5.0 hours should be stricken.

**3.     Excessive and Unreasonable billing in meeting with client and witnesses**

In addition, Darren Harris has padded his billing and/or block billed a minimum amount for meetings with the Plaintiff and other witnesses.  Mr. Harris indicates he met with his client eight times on 8/29/2018, 9/4/2018, 9/7/2018, 11/1/2018, 11/13/2018, 1/5/2019, 5/15/2019 and 6/3/2019 and, in every single instance, simply block billed 8.0 hours.  The 8.0 hours billed on the 5/15/2019 date also appears duplicative and inaccurate because Mr. Galipo claims to have been at that same meeting with Mr. Harris and the client on that same date for 5.5 hours.  (Dkt. No. 156-1 at 12).

Mr. Harris also block billed for meeting with his client and/or his client with others present, without distinguishing what time was expended on which person or on what tasks, on 12/18/2018 for 7.0 hours, on 1/16/2019 for 6.0 hours, on 5/20/2019 for 10.0 hours, on 5/25/2019 for 6.0 hours.

In other words, Mr. Harris billed an 8.0 hour minimum for nearly every single meeting with his client which is highly unlikely and unreasonable, and billed no less than 93.0 hours in total for meeting with his client.  Based on the 5/15/2019 meeting

13

which was attended by both Mr. Galipo and Mr. Harris, Mr. Harris padded his billing on that date by at least 2.5 hours.

This inappropriate billing should be reason enough to strike these 93.0 hours or, at a minimum, the hours claimed for meetings with his client must be adjusted downward significantly for the padding and exaggerated block billing.

### a.    Charlie Lynch

Charlie Lynch is a significant issue in this matter.  Defense counsel questioned Charlie Lynch at trial regarding his discussions with Plaintiff's counsel in preparation for his trial testimony and Charlie Lynch repeatedly testified that the only discussion(s) were that he told Plaintiff's counsel he wanted to testify and he wanted to tell the truth.  (Christiansen Decl., ¶9)

However, Mr. Harris' billing records tell a different story.  Mr. Harris billing records indicates that he met with Charlie Lynch a whopping 25.1 hours in the days leading up to trial, on 5/20/2019 for 10.0 hours, on 6/1/2019 for 7.1 hours and on 6/3/2019 for 8.0 hours.  (Dkt. No. 156-1 at 14).  Either Charlie Lynch committed perjury or Mr. Harris' billing records are inaccurate.  These 25.1 hours are unnecessary and unreasonable billing for coaching a *non-party witness* who testified that his only communication with Plaintiff's counsel was that he wanted to testify and wanted to tell the truth.  These 25.1 hours must be stricken.

### 4.    <u>Excessive and Unreasonable billing for opposing motion for summary judgment</u>

By the time this matter was ripe for summary judgment, there remained a single cause of action for excessive force against two individual defendants.  (Dkt No. 58).  The points and authorities for the summary judgment motion was only 11 pages long.  (Dkt. No. 58-1).  Plaintiff's points and authorities in opposition was only 16 pages long.  (Dkt. No. 60).

Opposing an 11 page summary judgment motion is not a complicated or time intensive task, yet Mr. Harris managed to bill a total of 140.7 hours on opposing

14

Defendants' short motion for summary judgment on a single cause of action. (Dkt. No. 156-2 at 10-11, 2/8/2019 through 2/23/2019, 2/28/2019, 3/5/2019 through 3/8/2019). 17.0 of those hours were allegedly for reviewing the motion in preparation of the hearing on the motion. (Dkt. No. 156-2 at 11, 3/5/2019 through 3/8/2019).

Even the very evidence provided by Dale Galipo indicates that the court felt that 166 hours for an opposition that consisted of 52 pages, over 3 times the size of Plaintiff's opposition here, was excessive and reduced the hours to 60, or to thirty six percent of the hours requested. (Dkt. No. 156-1 at 31, 38). It would be reasonable and appropriate to reduce the hours on opposing Defendants' motion for summary judgment in the instant matter by 100 hours to 40.7 hours total.

### 5. Excessive and Unreasonable billing for reviewing documents and items

Darren Harris has also grossly over exaggerated his billing for reviewing documents as well as unnecessarily reviewing documents:

a.  On 9/27/2018, Darren Harris billed 6.0 hours for reviewing Defendants' initial disclosures which consisted, in total, of 23 pages of documents (including incident reports), 29 photographs and approximately 45 minutes of video and audio. (Christiansen Decl., ¶10) This task should have taken no more than 2.0 hours;

1.  On 11/27/2018 and again on 12/12/2018, Darren Harris duplicated this work by billing an additional 19.0 hours reviewing the same documents; This 19.0 hours should be stricken;

b.  On 11/21/2018, Darren Harris billed 8.0 hours for "research and review of POST learning domains 20 and 33 3.0," however, the 3.0 at the end of the description implies that this task took only 3 hours to complete and was inflated by 5 hours. In addition, these are documents for use by the use of force expert and there is no reason Mr. Harris should have

15

reviewed them for 8.0 hours; This 8.0 hours should be stricken or, at a minimum, reduced to 3.0 hours;

c.  On 1/16/2019, Darren Harris billed 6.0 hours while his client and girlfriend reviewed and corrected their deposition transcripts; This is wholly unnecessary and the 6.0 hours should be stricken entirely;

d.  On 1/22/2019, Darren Harris billed 8.0 hours reviewing documents that should have been reviewed by a qualified expert; This 8.0 hours should be stricken entirely;

e.  On 1/31/2019, Darren Harris again billed 8.0 hours reviewing documents and medical studies which should have been reviewed by a qualified expert; This 8.0 hours should be stricken entirely;

f.  On 2/5/2019, Darren Harris unnecessarily and unreasonably billed 7.0 hours analyzing prior opinions and testimony of his own expert; This 7.0 hours should be stricken entirely;

g.  On 2/7/2019, Darren Harris unreasonably billed 6.0 hours trying to find a medical expert (e.g. ophthalmologist); This 6.0 hours should be reduced to no more than 2.0 hours;

h.  Between 3/25/2019 and 4/2/2019, Darren Harris unreasonably billed 22.5 hours preparing for the one hour depositions of each of Defendants' two experts (Christiansen Decl., ¶11); This should have taken no more than 10.0 hours total;

**6.  Excessive and Unreasonable billing for duplicated work**

After the April 23, 2019 appearance of trial counsel, Darren Harris also improperly billed for duplicated work performed by those other attorneys:

a.  Between 5/6/2019 and 5/7/2019, Darren Harris billed 17.2 hours preparing for and attending the final pre-trial conference; Marcel Sincich billed 5.2 hours during that same time period for the same thing; Not only must Marcel Sincich's billing be stricken as duplicative as set

16

forth below, but Mr. Harris' padding of an additional 12.0 hours must also be stricken;

b. On 5/10/2019, Marcel Sincich "Drafted Plaintiff's Special Verdict Form" for 0.7 hours and on 5/19/2019, Darren Harris did the same for 1.2 hours; The duplicated 1.2 hours must be stricken;

c. As set forth above, on 5/15/2019 Darren Harris billed 8.0 hours for attending the same meeting as trial attorney Dale Galipo, who billed only 5.5 hours for the same meeting; The duplicated and padded 8.0 hours must be stricken;

d. On 6/4/2019 through 6/7/2019, Darren Harris unnecessarily and unreasonably billed 49.0 hours to "Attend jury trial" along with both Marcel Sincich and trial attorney Dale Galipo; Darren Harris simply sat and observed and performed no trial related activities, did not question witnesses, did not give opening or closing statements, and did not argue motions or other trial related issues that arose; The duplicated, unnecessary and unreasonable 49.0 hours must be stricken;

As set forth above, the $750.00 per hour demanded by Darren Harris is unreasonable for an attorney that could not bring this matter to trial on his own, yet was available for trial based upon his billing of 49.0 hours for doing nothing more than attending trial.

## VI. MARCEL SINCICH'S HOURLY RATE AND BILLINGS ARE EXAGGERATED, DUPLICATIVE AND MUST BE STRICKEN AND/OR SIGNIFICANTLY REDUCED

Marcel Sincich is yet another associate of Dale Galipo and has been an attorney for a total of approximately 1-1/2 years, claims he has "assisted" in seven trials, but has never been a trial attorney himself (Dkt. No. 156-3, at 4 ¶9). Despite this lack of experience, including a lack of trial experience, Mr. Sincich is demanding $400.00 per hour. There is no basis or evidence submitted by Plaintiff to support that $400.00

17

per hour is "the prevailing rate in the community for" an attorney with only 1.5 years of experience who has never tried a case.

Further, Mr. Sincich declares that "I am currently solely responsible for day-to-day management of ten (10) federal civil rights cases, as well as assisting in the management of five (5) additional cases, and managing the firm's case intake." (Dkt. No. 156-3 at 4, ¶10). Despite this, he is seeking to convince this Court that, despite that workload and despite the fact that there were apparently no less than three other attorneys working on the matter, that he expended 181.0 hours solely on this matter over a period of about 60 days, which equates to nearly 23.0 hours per week. This number is wholly unreasonable and unrealistic.

**1.** **Improper and Unreasonable billing for work prior to making an appearance in this matter**

Mr. Sincich has improperly and unreasonably billed for 13.5 hours prior to April 23, 2019, including billing for what appears to be an entirely different case in 2017 and 2018. (Dkt. No. 156-3 at 7). Those 13.5 hours should be stricken.

**2.** **Excessive and Unreasonable billing for duplicated work**

Like Mr. Harris, between 6/4/2019 through 6/7/2019, Mr. Sincich unnecessarily and unreasonably billed 37.8 hours for simply attending trial along with Mr. Harris and trial counsel Dale Galipo. Like Mr. Harris, Marcel Sincich performed no trial related activities other than sit and observe; The duplicated, unnecessary and unreasonable 37.8 hours must be stricken. (Dkt. No. 156-3 at 10).

In the remaining bulk of Mr. Sincich's timesheet, he simply admits to performing duplicate work which was already done by Mr. Harris and/or Mr. Galipo, to wit, "[r]eviewed draft of final pretrial conference order; [r]eviewed discovery file," "[r]eviewed case file," "[o]rganized and reviewed case file in order to evaluate case," "[r]eviewed preliminary hearing and deposition transcripts," "[r]eviewed pre-trial conference documents," "draft of demand letter," "outline of the deposition transcripts of Officers Parcher and Wright." (Dkt. No. 156-3 at 7-8).

18

In fact, Mr. Sincich "reviewed the case file" on May 1, 2, 22, 23 and "reviewed medical records" on May 21, June 1 and essentially reviewed and summarized documents that had already been reviewed by Plaintiff's other counsel and had also been reviewed by trial counsel. (Dkt. No. 156-3 at 7-10; Compare with Dkt. Nos. 156-1 at 12-15 and Dkt. No. 156-2 at 7-15).

In addition to the above, the following duplicated work by Mr. Sincich must also be stricken from the 181.0 hours Mr. Sincich is seeking to claim:

a.   On 5/7/2019 Marcel Sincich billed 1.0 hours for meeting with trial attorney Dale Galipo, of whom he is an associate. Mr. Galipo billed 0.8 hours for that same meeting; This duplicative and exaggerated billing of 1.0 hours must be stricken;

b.   On 4/23/2019, 5/1/2019, 5/2/2019, 5/3/2019/ 5/8/2019, 5/9/2019, 5/10/2019, 5/14/2019, 5/15/2019, 5/16/2019, 5/17/2019, 5/18/2019, 5/19/2019, 5/21/2019, 5/22/2019, 5/23/2019, 5/29/2019, and 6/1/2019 Marcel Sincich billed a total of 67.5 hours for "reviewing the file," yet the items reviewed had not only been previously reviewed by Darren Harris, the identical items were reviewed by trial attorney Dale Galipo on 5/9/2019 through 5/22/2019 (Compare Dkt. No. 156-3 at 7-10 with Dkt. No. 156-1 at 12-13); This duplicative, unreasonable and unnecessary billing of 67.5 hours must be stricken;

1.   It should also be noted that Marcel Sincich seeks to bill twice for watching videos, once for watching them and then again for transcribing them while watching them, although no transcription was used at trial;

c.   From 6/4/2019 through 6/7/2019, Marcel Sincich claims that he assisted in the drafting of *voir dire*, opening and closing, as well as witness examination by block billing it as part of his attendance at trial. As set forth above, his attendance at trial should be stricken entirely which is

19

supported by the fact that trial counsel, Dale Galipo, billed as "trial preparation" for all of these things from 5/23/2019 through 6/3/2019; As set forth above, the duplicative, unreasonable and unnecessary 37.8 hours billed by Marcel Sincich for attending trial must be stricken;

d.   From 6/10/2019 through 6/21/2019, Marcel Sincich claims to have expended 15.5 hours preparing a bill of costs and the instant motion for attorney fees, however, during that same time period trial attorney Dale Galipo expended 17.4 hours doing the exact same work; The duplicative, unreasonable and unnecessary 15.5 hours must be stricken;

To the extent that any of Mr. Sincich's work was reasonable and necessary, which Defendants' contend it was not, it was nothing beyond paralegal work. The alleged work of Mr. Sincich was almost entirely duplicative and his billing rate unsupported and unreasonable.

Discounting the above improper, excessive, unnecessary and duplicative billing leads to a more realistic, reasonable and likely 45.7 hours for Mr. Sincich's billing, to wit, $181.0-13.5-37.8-1.0-67.5-15.5 = 45.7$.  In addition, a portion of that 45.7 hours consisted of meeting with, corresponding with, or setting up meetings with Plaintiff's other counsel and this Court should consider an additional reduction to 40.0 hours for Mr. Sincich in addition to discounting his hourly rate.

## VII.   DALE GALIPO'S HOURLY RATE IS EXAGGERATED AND HIS BILLINGS CONFIRM THAT THE OTHER ATTORNEYS BILLED FOR DUPLICATED AND EXAGGERATED WORK

As set forth above, Dale Galipo also seeks an unreasonable rate of $1,200.00 per hour, unsupported by any evidence.  If this rate is "the prevailing rate in the community for similar work" then Mr. Galipo is the only member of that community.

While there is no debate that Mr. Galipo is a very experienced trial attorney in civil rights matters, the very evidence submitted by Mr. Galipo indicates that the most

20

recent evidence he has produced puts his hourly rate at $900.00 per hour for a single case with the remaining cases submitted putting his hourly rate at $800.00 per hour.

Even the declarations of Beck, Burton, Douglas, Fattahi and Hoffman are of limited value in determining a prevailing rate for Mr. Galipo as the majority of the declarations simply state that they agree with the $1,200.00 per hour figure with no basis.

"[T]he value of these declarations is questionable because they are both self-serving and self-perpetuating. Each of these attorneys works on [civil rights] matters and claiming that the rates charged by Plaintiff's counsel, no matter how high, is in their own interest. A high award in this case would support the declarants' own high hourly rate requests in the future. Ultimately, the rates Plaintiff's attorneys request appear to have little basis in what an arms-length agreement with a paying client would produce." *Kochenderfer v. Reliance Std. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 41330 at *10 (S.D. Cal. April 21, 2010).

The only figures in any of those declarations that seem to have any relevance are Mr. Hoffman's which indicates his highest award at $750.00 per hour (Dkt. No. 156-9, ¶2) and Mr. Beck's which indicates that he **currently** bills at $750.00 per hour. (Dkt. No. 156-5, ¶3). Both attorneys declare that they have experience at least very similar to that of Mr. Galipo, yet they appear to agree that $750.00 is an appropriate billing rate.

Mr. Galipo's billing records also support that he was responsible for all trial related matters after his appearance on April 23, 2019 and that all actions performed by Marcel Sincich and Darren Harris were unnecessarily duplicative or performed in a support role as would be done by a paralegal.

Mr. Galipo contends that, despite his already immense caseload, that over a period of 60 days he dedicated 257.8 hours to this litigation which equates to over 32 hours per week and 76.8 hours more than the 181.0 hours Mr. Sincich claims he spent

21

on the matter in the same period of time. These numbers are wholly unreasonable and unrealistic.

**1. Improper and Unreasonable billing for work prior to making an appearance in this matter**

Mr. Galipo has improperly and unreasonably billed for 7.4 hours prior to April 23, 2019 when he appeared in this matter. (Dkt. No. 156-1 at 12). Those 7.4 hours should be stricken.

After deducting these 7.4 hours, that leaves 250.4 hours of billing for Mr. Galipo. Since Mr. Galipo was brought in as the trial attorney in this matter, it is difficult to determine or argue what portions of the work he did was unnecessary. Eliminating the duplicative work of the other counsel, as set forth above, alleviates some of the problem but not all of it. Further, as set forth above, it is unlikely that Mr. Galipo expended what amounts to a full time job on this matter over the course of two months, while still attending to the remainder of his heavy caseload.

However, this Court "can impose a small reduction, no greater than 10 percent - - a 'haircut' - - based on its exercise of discretion and without a more specific explanation." *Moreno* at 1112. As such, it would be appropriate for this Court to reduce the hours demanded by Mr. Galipo to 175.4 hours, a "haircut" from the hours demanded, in addition to reducing his hourly rate to "the prevailing rate in the community" which appears to be between $750.00 and $900.00 per hour.

**VIII. CONCLUSION**

As set forth an argued herein, the hourly billing rates being sought by associates performing paralegal and secretarial work is unreasonably excessive and certainly not the "prevailing rate in the community" for similar work and experience.

An important issue here is that Plaintiff's counsel intentionally failed and refused to reasonably meet and confer on this motion prior to filing as required

The hourly billing rate of $750.00 per hour being sought by attorney Darren Harris is being commanded by seasoned trial attorneys that have years of civil rights

22

experience (See Dkt. Nos. 156-5, ¶3 and 156-9, ¶2), which Darren Harris admittedly is not and does not have.

The hourly billing rate of $1,200.00 per hour being sought by Dale Galipo is far beyond the "prevailing rate" in any community. The very documents attached to Mr. Galipo's declaration indicates the single highest fee award he has ever obtained is $900.00 per hour and the other fee awards he attaches indicates awards of $800.00 per hour. The declarations of Hoffman and Beck, declaring similar experience to that of Mr. Galipo, both agree that a rate of $750.00 per hour is more appropriate. (See Dkt. Nos. 156-5, ¶3 and 156-9, ¶2).

Further, based upon the unreasonable, duplicative and excessive billing issues set forth above, including issues dealing with block billing and padding, Defendants would request that this Court deny any additional billing of Plaintiff relating to the instant motion.

DATED: July 3, 2019                    FERGUSON, PRAET & SHERMAN, APC


                                       /s/ Allen Christiansen
                                       ALLEN CHRISTIANSEN
                                       Attorneys for Defendants Nicholas Parcher and
                                       Steven Wright

23

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Allen Christiansen, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On July 5, 2019, I served the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988; DECLARATION OF ALLEN CHRISTIANSEN IN SUPPORT THEREOF;** on the interested parties in this action:

| | |
|---|---|
| Rajan Maline, Esq. | Darren M. Harris, Esq. |
| Maline & McGee LLP | Spray, Gould & Bowers, LLP |
| 3850 Vine Street, Suite 100 | 2 Corporate Park, Suite 201 |
| Riverside, CA 92507 | Irvine, CA 92606 |
| Attorneys for Plaintiff Jayd Schroeder | Attorneys for Plaintiff Jayd Schroeder |

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 301
Woodland Hills, CA 91367
Attorneys for Plaintiff Jayd Schroeder

_____ (By Mail)    I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

_____ (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

_____ (By e-mail) Plaintiff has communicated with Defendants via the above listed email address and has requested that Defendants serve Plaintiff documents via email at that email address.

XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 5, 2019, at Santa Ana, California.

/s/ Allen Christiansen
Allen Christiansen

24

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988