UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | Page | 1 of 16 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [156]**

Plaintiff Jayd Schroeder initiated this action on March 1, 2018.  [Doc. # 1.]  The Court presided over a four-day jury trial between June 4, 2019 and June 7, 2019, in which Plaintiff brought a single claim against Officers Nicholas Parcher and Steven Wright ("Defendants") for excessive use of force in violation of Plaintiff's Fourth Amendment rights.  The jury returned a verdict of $3,000,000 in Plaintiff's favor on June 7, 2019.  [Doc. # 151.]

Plaintiff filed a motion for attorneys' fees on June 21, 2019.  [Doc. # 156 ("Motion").]  The Motion is now fully briefed.  [Doc. # 167 ("Opp."), 171 ("Reply").]  Having duly considered the parties' written submissions, the Court **GRANTS IN PART** Plaintiff's Motion.

I.
**LEGAL STANDARD**

District courts may award the "prevailing party" in an action brought under 42 U.S.C. section 1983 "a reasonable attorney's fee."  42 U.S.C. § 1988(b).  Because "[t]he purpose of [section] 1988 is to ensure effective access to the judicial process for persons with civil rights grievances . . . a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983) (internal citations omitted).

"To determine the amount of a reasonable fee under [section] 1988, district courts typically proceed in two steps."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).  First, the Court applies the lodestar method to arrive at a reasonable attorney's fee by multiplying the hours by a reasonable hourly rate.  *See id.* Second, the Court may act in its discretion to adjust the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 2 of 16 |
|---|---|---|---|

lodestar based upon a consideration of a number of factors, including its knowledge of the litigation. *Id.*; *see also Hensley*, 461 U.S. at 437. The party moving for fees bears the burden of demonstrating the reasonableness of the fees sought. *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

**II.**
**DISCUSSION**

In his initial Motion,[1] Plaintiff sought a fee award of $979,415 based on the following lodestar figures for four attorneys:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Dale K. Galipo | $1,200 | 257.8 | $309,360 |
| Darren Harris | $750 | 785.8 | $589,350 |
| Marcel F. Sincich | $400 | 181 | $72,400 |
| Renee V. Masongsong | $550 | 15.1 | $8,305 |

Defendants argue that Plaintiff is not entitled to an award of attorneys' fees because Plaintiff failed to meet and confer prior to filing his motion. Defendants next argue that, even if Plaintiff is entitled to attorneys' fees, the fees should be reduced because the requested hourly rates and alleged number of hours worked are not reasonable.

**A.      Meet-and-Confer Requirement**

Local Civil Rule 7-3 provides that:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion.

---

[1] Plaintiff seeks additional fees for worked performed after filing the Motion, which the Court addresses in Section II, D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 3 of 16 |
|---|---|---|---|

There is no question that Plaintiff failed to comply with the rule—his counsel did not attempt to meet and confer with Defendants' counsel until June 17, 2019, only four days before Plaintiff filed the Motion. Harris Dec. [Doc. # 156-2] at ¶ 8. Moreover, Plaintiff's meet-and-confer efforts were not even minimally satisfactory. When Defendant's counsel responded the following day signifying his intention to meet and confer, Plaintiff's counsel stated that he would be out of the state until June 26. *See* Christensen Dec. [Doc. # 167-1], Ex. A. Plaintiff then filed the Motion on June 21 without giving any further notice to Defendants.

Under Local Rule 7-4, a district court "may decline to consider a motion" that does not comply with Rule 7-3. Although the Court is troubled by Plaintiff's counsel's conduct, the Court will consider Plaintiff's motion given that Defendants do not show that Plaintiff's failure to meet and confer caused them prejudice, and denial of a prevailing plaintiff's attorneys' fees in an action brought under 42 U.S.C. section 1983 would be an especially harsh sanction. *See Reed v. Sandstone Properties, L.P.*, 2013 WL 1344912, at *6 (C.D. Cal. April 2, 2013) ("Because Reed suffered no real prejudice as a result of the late [Rule 7-3] conference . . . the court elects to consider the motion on the merits."); *see also Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) (holding that district court acted within its discretion to permit a party to refile motion for attorneys' fees after initially denying motion for failure to comply with Rule 7-3).

Rather than deny the motion outright for Plaintiff's flagrant violation of Local Rule 7-3, the Court imposes a monetary sanction upon Plaintiff's counsel, Darren Harris, in the amount of $350, which shall be payable to the Clerk of the Court within 10 days from the date of this Order.

**B.      Hourly Rates**

"To determine a 'reasonable hourly rate,' the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). "The reasonable rate should generally be guided by 'the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Id.* (quoting *Chalmers*, 796 F.2d at 1211).

"The burden is on the fee applicant to produce evidence 'that the requested rates are in line with those prevailing in the community.'" *Id.* (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 4 of 16 |
|---|---|---|---|

973, 980 (9th Cir. 2008)). "In general, '[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.'" *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). District courts may also "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

### 1.    Dale K. Galipo

Mr. Galipo was Plaintiff's lead trial attorney. Mr. Galipo has managed his own litigation firm for the last 28 years,[2] and regularly handles cases, including jury trials, involving alleged police misconduct. Galipo Dec. [Doc. # 156-1] at ¶¶ 3, 11, 14. Plaintiff contends that $1,200 is a reasonable hourly rate for Mr. Galipo. Defendants contend that, while Mr. Galipo is experienced in civil rights litigation, Mr. Galipo did not adequately support his requested rate. Defendants request that the Court reduce Mr. Galipo's rate to somewhere between $750 and $900 per hour.

The primary evidence Plaintiff submits in support of Mr. Galipo's requested hourly rate is the declarations of five attorneys who state that they believe $1,200 is an appropriate hourly rate for an attorney with Mr. Galipo's experience and skill. Defendants argue that the Court should disregard these declarations because they are self-serving.

The Court finds that the declarations do not support an hourly rate of $1,200 per hour. None of the attorneys provide any basis for the Court to conclude that $1,200 per hour is "in line with [rates] prevailing in the community" for similar work. *Hiken,* 836 F.3d at 1044. Although each of the attorneys has similar experience as Mr. Galipo, none attest to receiving a fee award approving an hourly rate anywhere near $1,200 per hour. Three of the five attorneys do not attest to their rates or awards at all. One attorney, Thomas E. Beck, concentrated on police misconduct litigation for nearly 40 years and, like Mr. Galipo, previously operated his own law firm. [Doc # 156-5] at ¶¶ 1-2. Mr. Beck states that he sets his rate at $750 per hour based on fee awards he has received in civil rights litigation. *Id.* at ¶ 3. Another attorney, Paul Hoffman, has practiced law

---

[2] Mr. Galipo states that he graduated from law school in 1984, but he does not give any indication of whether he practiced law or otherwise worked in the legal profession between 1984 and 1991. Galipo Dec. ¶ 3. Because it is Plaintiff's burden to support the requested lodestar amount, the Court will assume Mr. Galipo's relevant post-education legal experience began in 1991 for purposes of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | Page | 5 of 16 |
|---|---|---|---|

for over 40 years. Hoffman Dec. [Doc # 156-9] at ¶ 1. He states that he has "litigated dozens if not hundreds of civil rights case[s]"; that he "previously supervised a team of approximately ten lawyers all of whom litigated civil rights cases"; and that he has taught civil rights litigation at various law schools in Southern California. *Id.* at ¶ 2. The only award Mr. Hoffman discusses is an award he received in 2011 approving an hourly rate of $750. *Id.* None of the attorneys attests to being aware of an award approving an hourly rate near $1,200.

The strongest evidence Plaintiff provides in support of Mr. Galipo's reasonable hourly rate is the fee awards Mr. Galipo received in three Central District of California cases between 2014 and 2015. *See* Order re Motion for Attorneys' Fees, *Ramirez v. Oxnard Police Dept.*, No. 13-01615 (C.D. Cal. Sept. 17, 2015); Order Granting in Part and Denying in Part Plaintiff's Motion for Attorneys' Fees and Costs, *Sanchez v. County of San Bernardino*, No. 10-09384 (C.D. Cal. March 10, 2014); [In Chambers] Order Concerning Motions for Attorney Fees and Applications for Cost, *R.S. v. City of Long Beach*, No. 11-536 (Jan. 31, 2014). In each of these cases, the plaintiffs brought civil rights actions alleging misconduct by police officers. *See id.* In the *Ramirez* case, the district court determined that a reasonable rate for Mr. Galipo's work was $900 per hour. In both the *Sanchez* and *R.S.* cases, the district courts found that a reasonable rate for Mr. Galipo's work was $800 per hour.

Even compared to more recent decisions, the rate the district court considered reasonable in the *Ramirez* matter appears to be one of the higher rates approved by a Central District of California court in a civil rights litigation. *See e.,g., Garza v. City of Los Angeles*, 2018 WL 5859549, at *3 (C.D. Cal. June 25, 2018) (approving hourly rate of $875 in police misconduct action for partner at civil rights law firm with 33 years of experience); *Mackey v. Cal. Highway Patrol*, 2018 WL 6137166, at *5 (C.D. Cal. Jan. 23, 2018) (approving hourly rate of $575 in police misconduct action for partner with 22 years of experience).

While Mr. Galipo obtained a very favorable result in this action and has a sterling reputation as a skilled trial attorney, Plaintiff has not shown that the reasonable rate for an attorney with Mr. Galilpo's experience in a civil rights action should be higher than $950 per hour, when taking into account the passage of time since his last $900 per hour award in 2015. The Court therefore finds that Mr. Galipo's reasonable rate for this action is **$950 per hour**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | Page | 6 of 16 |
|---|---|---|---|

### 2.      Darren Harris

Mr. Harris was Plaintiff's primary attorney on this matter from approximately August 2018 until shortly before the commencement of trial.  Mr. Harris has practiced law for 21 years and has been a partner at his law firm for the last 17 years.  Harris Dec. at ¶ 2.  Mr. Harris asserts that he has handled matters involving alleged civil rights violations by governments and municipalities, although he is vague as to the extent and specific types of matters he has handled.  *Id.* at ¶ 3. Plaintiff contends that $750 is a reasonable hourly rate for Mr. Harris.  Defendants argue that Mr. Harris' reasonable hourly rate is no more than $450 because Mr. Harris is not an experienced civil rights litigator and because Mr. Harris has not shown that he has received a fee award approving a rate higher than $450 per hour.

Plaintiff makes several arguments in support of Mr. Harris' requested hourly rate. First, Plaintiff offers the attorneys' fees Mr. Harris received from settling six other civil rights actions. Mr. Harris states that the "total attorneys fees generated" in these matters divided by "the number of hours expended on the case[s]" resulted in hourly rates ranging from $626.08 to $879.47.  Harris Dec. at ¶ 7(c).  The Court is not persuaded that this evidence supports Mr. Harris's requested rate. First, there is no indication that the fees have any relation to hourly rates.  Mr. Harris may have obtained his fees via a contingency arrangement, or some other arrangement which does not take into account the number of hours an attorney works.  Mr. Harris is silent as to how these fees were computed.  Second, there is no indication that a court or any neutral reviewed the fees Mr. Harris obtained to determine whether they were reasonable.  Mr. Harris simply states that these fees were "voluntarily agreed to" by "defense counsel and my clients in those cases." *Id.*

Plaintiff also submits the declarations of three attorneys in support of Mr. Harris's hourly rate.  Each attorney makes the conclusory statement that a rate of $750 is reasonable for an attorney with Mr. Harris's experience, but none of the attorneys provide adequate bases for their statements. They do not attest to specific fee awards they are aware of attorneys receiving in similar litigation, nor otherwise provide evidence to suggest $750 for an attorney with Mr. Harris' experience is reasonable.  Only one of the attorneys, Victor Altamirano, discusses a specific fee award in a matter on which Mr. Altamirano and Mr. Harris were co-counsel.  Altamirano Dec. [Doc. # 156-2], Ex. D at ¶ 6.  But Mr. Altamirano only discusses the total fee awarded in that case.  He does not discuss the hourly rate approved for any attorney.  *See id.*  Nor does he discuss the subject matter of the litigation.  *See id.*  Like the declarations submitted in support of Mr. Galipo's requested rate, the Court finds each of these three declarations of limited weight.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 7 of 16 |
|---|---|---|---|

Because Plaintiff fails to demonstrate that the hourly rate requested for Mr. Harris is reasonable, the Court shall instead determine the rate based upon consideration of counsel's background and the Court's own experience and knowledge of prevailing market rates. *See Ingram*, 647 F.3d at 928. The Court is aware of recent, similar civil rights litigations in Southern California in which district courts approved hourly rates between $500 and $700 for lead attorneys with approximately the same experience as Mr. Harris. *See Mackey*, 2018 WL 6137166, at *5 (approving hourly rate of $575 in police misconduct action for lead counsel with 22 years of experience); *Hoffman v. County of Los Angeles*, 2018 U.S. Dist. LEXIS 1162, at *23 (C.D. Cal. Jan. 3, 2018) (approving hourly rate of $700 in unlawful arrest action for lead attorney with approximately 19 years of experience) (C.D. Cal. Jan. 3, 2018); *Lewis v. County of San Diego*, 2017 U.S. Dist. LEXIS 203457, at *7 (S.D. Cal. Dec. 11, 2017) (approving hourly rate of $600 in civil rights litigation for lead counsel with 19 years of experience); *Young v. Wolfe*, 2017 WL 3184167, at *4 (C.D. Cal. July 26, 2017) (approving hourly rate of $525 in excessive force action for lead attorney with approximately 20 years of experience).

The Court finds that Mr. Harris' reasonable hourly rate is on the lower end of this range. On the one hand, Mr. Harris was lead counsel through the summary-judgment stage. On the other hand, Mr. Harris was not lead counsel for Plaintiff during trial, he does not appear to have contributed significantly to the action once trial commenced, and his declaration is vague as to his experience handling civil rights and police misconduct actions specifically. *Compare Hoffman*, 2018 U.S. Dist. LEXIS 1162 at *23 (approving hourly rate of $700 for "unique" counsel who had represented both plaintiffs and defendants in civil rights actions and had tried "more than 30 § 1983 trials"). The Court finds that a reasonable rate for Mr. Harris is **$600 per hour**.

### 3.   **Renee Masongsong and Marcel Sincich**

Ms. Masongsong and Mr. Sincich are associate attorneys in Mr. Galipo's office. As of the date of Plaintiff's filing of the motion for attorneys' fees, Ms. Masongsong was in her eighth year of practice. Masongsong Dec. [Doc. # 156-4] at ¶ 8. She has handled civil rights cases exclusively for the last six years. *Id.* at ¶ 6. Mr. Sincich was in his second year of practice, and had practiced exclusively at Mr. Galipo's firm. Sincich Dec. [Doc. # 156-3] at ¶ 9. Plaintiff argues that hourly rates of $550 for Ms. Masongsong and $400 for Mr. Sincich are reasonable.

Defendants argue that Ms. Masongsong's reasonable hourly rate should be significantly reduced because all the work she did in this action could have been performed by a paralegal. For

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | Page | 8 of 16 |
|---|---|---|---|

the reasons stated in section II, C, 4, *infra*, the Court does not agree that Ms. Masongsong performed only paralegal-level work.

Defendants also argue that the requested hourly rates for Ms. Masongsong and Mr. Sincich are too high. Plaintiff's primary support for the requested rates are other district court awards.[3] Of the decisions Plaintiff cites, the most persuasive are those involving other police misconduct actions in which attorneys of similar experience received fee awards. *See Young*, 2017 WL 3184167, at *4-5 (approving hourly rate of $325 for attorney with six years of litigation experience but no civil rights experience, and $175 for attorney with only six months of experience); *Dugan v. County of Los Angeles*, 2014 WL 12577377, at *4 (C.D. Cal. March 3, 2014) (approving hourly rate of $390 for attorney with approximately six years of experience); *Mendez v. County of San Bernardino*, 2009 WL 10714986, at *7-8 (C.D. Cal. July 1, 2009) (approving hourly rates of $250 and $300 for two associate attorneys).

In light of counsel's background, the cases cited by Plaintiff, and the Court's own knowledge of prevailing market rates, the Court finds that a reasonable rate for Ms. Masongsong is **$425 per hour**, and a reasonable rate for Mr. Sincich is **$250 per hour.** *See Mackey*, 2018 WL 6137166, at *5-6 (approving hourly rates of $425 for attorney with 11 years of experience, $300 for associate with 6 years of experience, and $250 for associates with two years of experience, in police misconduct action); *Hoffman*, 2018 U.S. Dist. LEXIS 1162, at *24-25 (approving hourly rate of $300 for associate in unlawful arrest action with approximately two years of litigation experience).

**C.      Hours Reasonably Expended**

"In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). "[I]t

---

[3] Ms. Masongsong and Mr. Sincich each attest to the value of their own services, as does Mr. Galipo. None of the attorneys adequately support their opinions by showing that they were familiar with prevailing rates in the community for similar legal work.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 9 of 16 |
|---|---|---|---|

is not per se unreasonable for the prevailing party in a civil rights case to be awarded an amount of attorney's fees that exceeds the amount of money recovered by his or her client." *Id.* at 1200.

If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzalez*, 729 F.3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across-the board percentage cut." *Id.* "[W]hen a district court reduces either the number of hours or the lodestar by a certain percentage greater than 10%, it must provide a clear and concise explanation for why it chose the specific percentage to apply." *Id*. at 1200.

### 1.    Dale K. Galipo

Plaintiff contends that Mr. Galipo reasonably expended 257.8 hours on this matter over a 71-day period prior to the filing of this Motion. Defendants claim this number is unreasonable, without further explanation.

In conducting its own review, the Court concludes that Mr. Galipo's requested hours are reasonable, except as to those rare entries that were block-billed, as discussed further below. Mr. Galipo provided time entries of the work he performed on this case. *See* Galipo Dec., Ex. 1. The majority of Mr. Galipo's requested time occurred during the 30-day period from May 9, 2019 through June 7, 2019—the last day of the jury trial. *See* Galipo Dec., Ex. 1 at 1-4. Mr. Galipo's entries show that he expended 231.7 hours over this period, which results in an average of approximately 7.7 hours per day. None of Mr. Galipo's entries appear unnecessary. Given that this was a 4-day jury trial and Mr. Galipo was the lead trial attorney, the Court does not find the number of hours expended by Mr. Galipo unreasonable. *Accord Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . .").

Defendants argue that Mr. Galipo should not recover for 7.4 hours he worked on this matter prior to making an appearance on April 23, 2019. There is no authority that requires an attorney to make a formal appearance to recover attorneys' fees, so long as the work the attorney performs is reasonable. *See Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1124 (C.D. Cal. 2012) (holding that attorney who was not counsel of record and did not make appearance could still recover attorneys' fees). The majority of work Mr. Galipo performed prior to making an appearance was familiarizing himself with the case. This is certainly a reasonable task, particularly

---

CV-90                                     **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk <u>KT</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 10 of 16 |

for an attorney who is considering whether to serve as lead trial counsel. *See Moreno*, 534 F.3d at 1112 (holding that lawyer may recover fees for time spent "get[ting] up to speed with the research previously performed" so long as the work is necessary).

Mr. Galipo also spent time working on the motion for attorneys' fees. A prevailing party under section 1988 is entitled to recover fees for time reasonably spent working on a fee motion. *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986).

Although Mr. Galipo's requested hours are mostly reasonable, the Court's review of Mr. Galipo's billing records indicates that it should implement a minor reduction in the overall award because some of Mr. Galipo's entries are block-billed by day rather than by task. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno*, 534 F. 3d at 1112) (noting that courts usually impose "only a 5% to 20% reduction" for block-billing). The fact that some of Plaintiff's counsel's block-billed time entries include several independent tasks prevents the Court from accurately gauging how long each task took. *See, e.g.,* Galipo Dec., Ex. 1 at 1 (entry on April 23, 2019), at 2 (entry on May 25, 2019), at 3 (entry on June 2, 2019). As such, the Court imposes the minimum 5% reduction for all block-billed hours. Moreover, in conducting its review, the Court recognized a calculation error in Mr. Galipo's requested hours. *See* Galipo Dec., Ex. 1 at 1 (entry on May 9, 2019).[4] Therefore, the Court will reduce the calculation by an additional hour.

### 2.    Darren Harris

Plaintiff contends that Darren Harris reasonably expended 785.8 hours on this matter over an approximately 10-month period prior to the filing of this Motion. Mr. Harris generally provided time entries broken down by task, with some entries block-billed by day. *See* Harris Dec., Ex. A [Doc. # 156-2].

Defendants raise several issues with Mr. Harris' entries. First, Defendants argue that Mr. Harris should not be able to recover fees for 14.7 hours that he spent prior to making an appearance in this action on August 24, 2018. Most of this time was spent meeting with Plaintiff, Plaintiff's prior counsel, and reviewing materials for the case. For the same reasons Mr. Galipo's pre-appearance time is reasonable, Mr. Harris' pre-appearance time is reasonable as well.

---

[4] 3.3 + 0.6 = 3.9 hours, not 4.9 hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 11 of 16 |
|---|---|---|---|

Defendants next argue that, although Mr. Harris states in his declaration that he is not seeking fees "for any work performed regarding the claims against the County of San Bernardino" (whom Plaintiff voluntarily dismissed from this action, *see* Doc. # 57), Mr. Harris requests fees for five hours spent reviewing the County of San Bernardino's Answer and Initial Disclosures. Plaintiff does not provide a substantive response. The Court agrees that Mr. Harris should not recover fees for time expended on these tasks and will reduce five hours from Mr. Harris' requested lodestar.

Defendants also take issue with 12 meetings Mr. Harris had with Plaintiff and other witnesses between August 29, 2018 and June 3, 2019, allegedly totaling approximately 93 hours. Defendants argue that these entries appear to be inflated because eight of the entries are simply billed at eight hours each, and the other four entries are also billed as whole numbers. *See* Harris Dec., Ex. A. In reviewing the entries, the Court does not find that these meetings were necessarily unreasonable—in particular, Mr. Harris provides a description of the subject matter of the meetings, and the meetings do not appear duplicative. *See id.* On the other hand, the Court notes that a disproportionate number of Mr. Harris' time entries are whole-number hours, even though Mr. Harris claims that his general practice is to bill tasks in increments of .1 hours. *See* Harris Dec. at ¶ 5; *see generally* Harris Dec., Ex. A. This calls into question the accuracy of Mr. Harris' entries. Accordingly, the Court finds it appropriate to reduce Mr. Harris' total requested hours by 10%, in addition to the specific hours the Court reduces. *See Moreno*, 534 F.3d at 1112.

Defendants contend that Mr. Harris' time entries purportedly show that he met with one witness, Charlie Lynch, for a total of 25.1 hours. Defendants argue that Mr. Harris should not recover for these purported hours because Mr. Lynch testified at trial that his only discussions with Plaintiff's counsel were telling them that he wanted to tell the truth. Defendants mischaracterize Mr. Harris' time entries, however. Each of Mr. Harris' meetings and discussions with Mr. Lynch are block-billed with other tasks, including meetings with Plaintiff. *See* Harris Dec., Ex. A at p. 14. The 10% reduction adequately addresses any potential inaccuracies regarding Mr. Harris's meetings and discussions with Mr. Lynch.

Defendants argue that the time Mr. Harris purportedly spent opposing Defendant's motion for summary judgment ("MSJ"), 140.7 hours, was unreasonable because Defendant's MSJ memorandum was only 11 pages, and Plaintiff's opposing memorandum was only 16 pages. The Court agrees that some of the time Mr. Harris purportedly spent opposing the MSJ appears excessive. Namely, Mr. Harris claims he spent no less than 36 hours alone preparing and revising

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 12 of 16 |
|---|---|---|---|

the 16-page opposition memorandum.  *See* Harris Dec., Ex. A at p. 10.  This does not include time allegedly spent performing legal research and preparing other MSJ opposition documents.  *Id.*  Mr. Harris also claims that he expended approximately 34 hours related to the MSJ after he filed his opposition – not including his attendance at the MSJ hearing.  *See id.* at p. 11.  The majority of this time appears to have been spent reviewing the filed documents.  *See id.*  The Court believes a reduction of 25 hours related to Mr. Harris's purported work on the MSJ opposition is appropriate. The remainder of time spent by Mr. Harris related to the MSJ opposition—such as meeting with witnesses, preparing declarations, preparing the separate statement, and responding to Defendants' objections—appears reasonable.  *See id.* at 10-11.

Defendants argue that the Court should not award Mr. Harris any fees for the 49 hours he spent attending the trial because he did not question witnesses, give opening or closing statements, or otherwise perform trial related work.  The fact that an attorney attends a trial but does not engage in specific tasks before the Court or jury does not, in and of itself, show that the attorney's attendance at the trial was unnecessarily duplicative because lead counsel often rely on the assistance of other attorneys.  Here, however, Plaintiff fails to show how Mr. Harris's attendance at the trial advanced Plaintiff's case.  Plaintiff did not substantively respond to Defendant's argument that Mr. Harris's attendance at trial was unnecessary, and neither Mr. Galipo nor Mr. Harris explain the work Mr. Harris performed once the trial began.  Likewise, it appears from Mr. Harris' time entries that his role during the trial was limited.  Mr. Harris' only time entries after June 3 were for attending the trial, attending meetings with Plaintiff and witnesses—tasks for which Mr. Galipo and Mr. Sincich also request fees—and reviewing the jury's 2-page verdict form. *See id* at 14-15.  While it is certainly understandable that Mr. Harris would want to attend his client's trial, that does not mean that Defendants should pay for his time if all he did was observe. To the extent that Mr. Harris had greater familiarity with the facts of the case due to the time he spent with the case pre-trial, he was likely of some assistance to trial counsel to that degree.  But because Mr. Harris has not adequately shown that his attendance at the trial should be charged in its entirety to Defendants, the Court shall reduce Mr. Harris's requested lodestar for trial attendance by 29 hours.

Defendants next take issue with a specific time entry where the description of the task is followed by the number "3.0."  The time entered for this task is 8.0 hours.  *See id.* at 9. Defendants argue that the "3.0" figure indicates that Mr. Harris only performed 3 hours on this task, and generally shows that Mr. Harris inflated the number of hours he worked.  Plaintiff did not respond

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | Page | 13 of 16 |
|---|---|---|---|

with any explanation as to the discrepancy.  Accordingly, a reduction of the entire 8.0 hours from Mr. Harris' requested lodestar is warranted.

Finally, Defendants claim that the time Mr. Harris spent on other specific tasks was "exaggerated" or unnecessary.  *See* Opp. at 15-17.  Some of these entries include attending meetings and performing tasks which Plaintiff's other counsel also attended or performed.  The mere fact that there is some duplication of work between attorneys does not necessarily show that the work was unreasonable.  The question is whether the work was "unnecessarily" duplicative.  *See Moreno*, 534 F.3d at 1112.  Work is not unnecessarily duplicative "simply because [attorneys] kept each other informed about the case and double-checked each other's work . . . ." *Charlebois*, 993 F. Supp. 2d at1125 (C.D. Cal. 2012); *see also Doe v. Prudential Insurance Co.*, 258 F. Supp. 3d 1089, 1096 (C.D. Cal. 2017) ("It is not uncommon and indeed is often necessary for several attorneys to review the same Court order, or for several attorneys to edit the same document. This is simply a form of collaboration.").

In conducting an independent review of these entries, the Court finds that the time spent by Mr. Harris on the remainder of the tasks of which Defendants complain generally appear reasonable.  To the extent Mr. Harris may have duplicated work or inflated hours due to block billing or inaccurate time entries, the Court's 10% across the board reduction of that time is sufficient to address these issues.

For the foregoing reasons, Plaintiff has shown that Mr. Harris reasonably expended 646.92 hours[5] on this matter prior to the filing of the Motion.

### 3.    Marcel Sincich

Like Mr. Galipo, Mr. Sincich provided time entries for the tasks he performed on this case, some of which were block-billed by day, and some of which were broken down by task.  For the same reasons that the Court reduced Mr. Galipo's block-billed hours by 5%, the Court will reduce Mr. Sincich's block-billed hours by 5% as well.  Plaintiff seeks to recover fees for 181 hours expended by Mr. Sincich prior to the filing of this Motion.

---

[5] The number is calculated as follows:  $(785.8 - 5 - 25 - 29 - 8) \times 0.9 = 646.92$ hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | Page | 14 of 16 |

Defendants argue that, like Mr. Harris, Mr. Sincich requests fees for time spent attending trial, even though he did not conduct opening or closing statements or question witnesses. Unlike Mr. Harris' entries, however, Mr. Sincich's entries show that he was actively involved in assisting Mr. Galipo during the trial. For example, Mr. Sincich prepared media and exhibits during the trial, took notes for Mr. Galipo while he conducted *voir dire* and examined witnesses, and conferred with Mr. Galipo each morning prior to the commencement of trial proceedings. *See* Sincich Dec., Ex. 1 at 4. It is reasonable for the lead trial attorney to have at least one associate assisting him or her during the pendency of the trial.

Defendants also argue that Mr. Sincich's work was unnecessarily duplicative because he performed many of the same tasks that Mr. Harris and Mr. Galipo performed—namely, reviewing records and drafting certain documents. In conducting an independent review of Mr. Sincich's time entries, the Court does not find that this work was unreasonable or unnecessarily duplicative of work performed by other attorneys. Plaintiff has adequately shown that all of Mr. Sincich's requested 181 hours were reasonable, except as to those hours that were block-billed and as to which the Court will apply a 5% across the board cut.

### 4.      Renee Masongsong

Ms. Masongsong provided time entries for the tasks she performed on this case, most of which are broken down by task, and some of which are block-billed by day. For the same reasons that the Court reduced Mr. Galipo's and Mr. Sincich's block-billed hours by 5%, the Court will reduce Ms. Masongsong's block-billed hours by 5% as well. Plaintiff seeks to recover fees for 15.1 hours expended by Ms. Masongsong prior to the filing of this motion.

Defendants argue that Ms. Masongsong should not recover fees for 6.5 hours she expended before Mr. Galipo's firm made an appearance in this case. Ms. Masongsong primarily spent this time reviewing the record and consulting with Mr. Harris on Plaintiff's motion for summary judgment and the parties' expert depositions. This work was not unreasonable.

Defendants also argue that all of the work Ms. Masongsong performed could have been performed by a paralegal. The Court disagrees. Ms. Masongsong's time entries reflect that she reviewed the record, consulted with Mr. Harris and the attorneys in her firm on specific legal issues, worked on the jury instructions, and subsequently drafted her declaration and reviewed her time entries in support of this fee motion. It is reasonable for a more experienced associate such

---

CV-90                              **CIVIL MINUTES—GENERAL**                 Initials of Deputy Clerk KT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 15 of 16 |
|---|---|---|---|

as Ms. Masongsong to provide assistance on discreet tasks in preparation for trial. Nothing about Ms. Masongsong's entries suggest she simply performed paralegal work. Plaintiff has adequately shown that all of Ms. Masongsong's requested 15.1 hours were reasonable, except as to those hours that were block-billed and as to which the Court will apply a 5% across the board cut.

**D.      Time Expended by Plaintiff's Counsel After Filing this Motion**

In his Reply, Plaintiff seeks to recover fees for the following time that Plaintiff's counsel expended after filing the fee motion: 11.1 hours for Mr. Galipo; 2.5 hours for Mr. Harris; 31.1 hours for Mr. Sincich; and 22.8 hours for Ms. Masongsong. As such, the total number of requested hours are:

| Attorney | Hours |
|---|---|
| Dale K. Galipo | 268.9 |
| Darren Harris | 788.3 |
| Marcel F. Sincich | 212.1 |
| Renee V. Masongsong | 37.9 |

The Court notes that a significant amount of the time spent by Mr. Sincich and Ms. Masongsong was for reviewing and preparing an opposition to Defendant's Motion for Judgment as a Matter of Law and for a New Trial. *See* Doc. # 168; Sincich Reply Dec. [Doc. # 171-3], Ex. 1 at 5; Masongsong Reply Dec. [Doc. # 171-4], Ex. 1 at 2. Although the parties eventually reached an agreement and stipulated to Defendants withdrawing the Motion, the Court finds that the time spent by Plaintiffs' counsel opposing the motion was reasonable. There is no question that Plaintiff's Opposition related to the claim on which Plaintiff was successful at trial, and Plaintiff filed the Opposition before Defendants withdrew the Motion. *See Padgett v. Loventhal*, 706 F.3d 1205, 1209 (9th Cir. 2013) ("[W]here attorney work proves beneficial to a successful claim, district courts should generally award these fees in full.")

The remainder of Plaintiff's counsel's time entries are for preparation of Plaintiff's Reply in support of the Motion for Attorneys' Fees and for settlement discussions with Defendant. *See* Galipo Reply Dec. [Doc. # 171-1], Ex. 1 at 5; Harris Reply Dec. [Doc. # 171-2], Ex. 1; Sincich Reply Dec., Ex. 1 at 5; Masongsong Reply Dec., Ex. 1 at 2. The Court finds that this work was reasonable, with the exception of the time counsel estimated they would spend preparing for future

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | | Date | September 10, 2019 |
|---|---|---|---|---|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | | Page | 16 of 16 |
|---|---|---|---|---|

hearings.  Because the Court held no hearing on the Motion, the Court reduces Mr. Galipo's requested lodestar by 5 hours, and Mr. Sincich's lodestar by 4 hours.

\*       \*       \*

For the reasons stated herein, Plaintiff has demonstrated that the following lodestar figures are reasonable:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Dale K. Galipo | $950 | 254.5 | $241,775 |
| Darren Harris | $600 | 646.9 | $388,152 |
| Marcel F. Sincich | $250 | 206.7 | $51,675 |
| Renee V. Masongsong | $425 | 37.8 | $16,065 |

**III.**
**CONCLUSION**

The Court **GRANTS in part** Plaintiff's Motion.  Plaintiff's counsel shall recover from Defendants a total of **$697,667** in attorneys' fees.

**IT IS SO ORDERED.**